IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL DECKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 06-3191 |
| MARRIOTT HOTEL SERVICES, INC. | : | |

## <u>ORDER-MEMORANDUM</u>

AND NOW, this 4th day of June, 2007, the "Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)" filed by defendant Marriott Hotel Services, Inc. is granted, and this action is transferred to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

This is a personal injury action. Jurisdiction is diversity. 28 U.S.C. § 1332. Plaintiff Paul Decker, a Pennsylvania resident, is alleged to have been injured when he tripped and fell over a bench at the Crystal Gateway Marriott Hotel, located in Arlington, Virginia. Complaint, ¶¶ 1, 10, 14. Defendant, which manages the hotel, is a Delaware corporation with a principal place of business in Bethesda, Maryland. Complaint, ¶ 2; Motion, ¶ 4. Defendant has identified three witnesses to the accident - residents of Washington, D.C., Alexandria, Virginia, and Fort Washington, Maryland. Motion, 7. Defendant urges transfer of the action to the Eastern District of Virginia under to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other jurisdiction or division where it might have been brought." The accident giving rise to this action occurred in the Eastern District of Virginia, there is diversity among the parties, and the amount in controversy exceeds $75,000. Accordingly, this action could have been brought in the Eastern District of Virginia.

Factors to consider in evaluating a request for transfer under §1404(a) include plaintiff's

choice of forum, defendant's forum preference, place where the claim arose, relative ease of access to sources of proof, convenience of the parties as demonstrated by relative financial status and physical location, availability of compulsory process for attendance of witnesses, convenience of witnesses, practical problems making trial of a case more expensive or inefficient, enforcement of a judgment, and public interest facts, such as court congestion.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995), citing 15 Wright, Miller & Cooper § 3848, et seq.

Although "a plaintiff's choice of proper forum is a paramount consideration . . . [and] should not be lightly disturbed," Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), here, transfer is warranted.  The only contact existing between this action and the Eastern District of Pennsylvania is plaintiff's residence.  The fact that defendant, a large corporation, could more easily absorb the cost of litigating in a foreign court weighs in plaintiff's favor.  However, all other factors - the defendant's choice of forum, the place where the claim arose, the convenience of the witnesses identified thus far[1], practical problems associated with trial such as viewing the site of the accident - favor transfer.  The enforceability of a judgment, the availability of compulsory process for attendance of witnesses, and public interest factors are neutral.  Transfer is appropriate.

BY THE COURT:

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[1] Plaintiff has not identified any witness, other than himself, who will be inconvenienced if the action is transferred to Virginia.

2